■ In the Matter of the Claim of MARY RUHLAND, on Behalf of Herself and Dependent Son, Respondent, against GEORGE URBAN MILLING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and carrier from an award of the Workmen's Compensation Board insofar as it was in favor of a 39-year-old son of the decedent as a totally incapacitated and dependent son of decedent. Concededly the decedent was killed in the course of his employment on September 19, 1954, and an award has been made to his widow without controversy. An award has also been made to a son 39 years of age as a dependent. Appellants contend that the evidence is insufficient to support a finding that this adult son was totally and permanently disabled so as to come within the provisions of subdivision 1-a of section 16 of the Workmen's Compensation Law. It is without dispute that the son in question has been a mental defective since birth and he is described in the record in some instances as imbecilic and in some instances as moronic. Appellants controvert his dependency largely upon the fact that over a long period of years up until 1952 he had earned substantial sums as a common laborer working under close supervision. All of the medical testimony is in accord that the mental condition is permanent, which narrows the question to whether the son was totally incapacitated and a dependent at the time of his father's death in 1954. He had not worked since 1952, and refused to work or try to find work because coworkers had poked fun at him and "made a fool out of him". There is medical evidence that he is unable to work because of his mental condition, and that because of that condition it will be impossible to induce him to work, even though he might be physically able to do some kinds of work. In addition there is lay evidence that the son's conduct and activities around the house are wholly irresponsible, childish and abnormal. Appellants seem to treat the matter as a normal refusal to work. The record is clear that the refusal is due to the lack of responsibility or understanding arising from his mental condition. The record presents a clear

question of fact with substantial evidence to sustain a finding that at the time of the father's decease in 1954, the son, Frank Ruhland, was dependent and totally incapacitated. The board was not bound to accept the work record of previous years as determinative of the son's status at the time of his father's death. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.